UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mary P. Stephens, ) | Civil Action No.: 4:06-1319-RBH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **O R D E R** |
| Associated Medical Specialists, ) | |
| P.A., d/b/a Coastal Cancer Center, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is [15] motion by the defendant for summary judgment. This is an employment discrimination case arising from the termination of the plaintiff ("Stephens") from her employment with the defendant, Associated Medical Specialists, P.A., doing business as the Coastal Cancer Center ("P.A.").

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Rogers carefully considers the issues and recommends that the defendant's motion for summary judgment be granted. He finds that the plaintiff met her *prima facie* case under the burden-shifting analysis of *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973) and that the defendant has produced a legitimate, nondiscriminatory reason for the discharge. However, he finds that Stephens has not shown by a preponderance of the evidence that the reason given by the P.A. was not the true reason for the discharge. Plaintiff filed objections to the Report on August 16, 2007. Defendant filed a response on August 28, 2007 but did not file any objections.

1

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## FACTS

Stephens was employed at the P.A. for about four years as the Director of Human Resources. In her Complaint, she alleges a single claim that she was discharged in retaliation for having opposed an unlawful employment practice pursuant to Title VII, 42 U.S.C. § 2000e, *et seq*. Specifically, she asserts that she reported to the Office Administrator of the P.A., Alice Pickering, a telephone call which she received on March 13, 2005 from the husband of a former employee, Tracey Doyle. Doyle's husband allegedly informed Stephens that he had learned that his wife had a sexual encounter with Dr. Lawrence Holt, one of the doctors who co-owned the practice.[1] Pickering allegedly told Stephens not to speak with Dr. Holt or anyone else concerning the matter.

Pickering recommended to the P.A.'s governing Board that Stephens be discharged for unsatisfactory work performance. The Board voted to terminate Stephens on March 21, 2005 and Dr. Holt states that he did not vote. Stephens was terminated from her employment with the P.A. on March

---

[1] Stephens has also presented evidence of alleged sexual activities by Dr. Holt on a trip to the Bahamas with herself and other employees and spouses where Dr. Holt allegedly sexually harassed another employee, Annette Medlin.

2

22, 2005.

The defendant presented evidence of documented problems with the plaintiff's work performance. The Affidavit of Alice Pickering indicates that Stephens was evaluated four times after she began her employment with the P.A. On June 25, 2001, her 90-day review occurred. The Court has not located a copy of this document in the record. On April 3, 2002, the plaintiff received her first annual evaluation. (Exhibit 6 to Stephens depo.) The employer's comments on the evaluation indicate that "she is excellent at handling employees and their problems. Mary is also very dependable and trustworthy. . . Mary needs to strengthen her prioritization and organization. . . I would also like to see better follow through with prospective employees and to be prepared for new employees. . . It is critical for public relations purposes for Mary to answer calls whenever possible, return calls as soon as possible and send out interview follow-up letters timely."

On April 17, 2003, Pickering conducted Stephens' second annual evaluation. (Exhibit 7 to Stephens depo.). The comments to this evaluation state:

> Mary has improved with Employment Commission responses and she reacts well under pressure. She has learned more about oncology and is very good handling employee problems.
>
> Mary's job performance until the last month had been unsatisfactory in the following areas: she did not follow through on tasks thoroughly, accurately or timely. Her punctuality was a problem, thus not leading by example in a key position. Some examples of unacceptable work are as follows: the Employee Handbook has not been updated or brought to the Board of Directors even though requested, an employee requested a pay increase months prior to being taken to the Board, job openings have not always been kept current, job postings in the Sun News have been inaccurate or not submitted timely, and all physicians were not aware of a recent physician candidate's interview with us, thus causing insecurity in a non-owner physician.

A Corrective Action dated July 11, 2003 (characterized as a written warning in the Affidavit of Pickering) references several problems with Stephens, including not taking employees' requested

items to the Board, inaction regarding matters brought to her attention by supervisors, and being objective, regardless of which employee with whom she is dealing.

In a Follow-up Corrective Action dated October 6, 2003, Pickering noted some improvement by Stephens and stated ways she should continue to seek to improve her performance. A March 29, 2004 Performance Review indicates that Stephens went from "one of the most unsatisfactory employees to one of the most improved." Although various areas of needed improvement were noted, the evaluation states that "Mary has proven she can be an effective Human Resource Director."

On September 29, 2004, however, a Coaching Session states that "the purpose of this coaching session is to make Mary aware that her work has regressed to an unacceptable level."

Defendant also submits evidence of Stephens' alleged inefficient handling of a situation detailed in the Report regarding AFLAC, which provided benefits for some of the P.A.'s employees.

### **Legal Standard on Motion for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material

4

fact." *Id.,* quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, the defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Commrs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  If the defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id*. at 718-19 (citing *Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992).  The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment.  *Id*. and *Doyle v. Sentry, Insurance Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va 1995).  Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial.  *Baber*, 977 F.2d 872, citing *Celotex Corp.*, *supra*.

## OBJECTIONS

Plaintiff asserts in her objections that the Magistrate Judge erroneously found that the plaintiff has not shown that the reasons given by the P.A. for the discharge were pretextual.  She contends that the Magistrate Judge erroneously accepted the credibility of Dr. Holt and Ms. Pickering; that he failed to give proper weight to the fact that Stephens had allegedly received no negative feedback in the six month period prior to her termination; and that Stephens was not told at her termination that the problems with AFLAC had anything to do with her termination.  She was told that she was not a "good fit" with the practice.

Defendant argues in its response to the objections that the evidence does not reflect a genuine

issue of material fact regarding pretext and that Stephens did not actually engage in a protected activity protected by Title VII since her report to Pickering was part of her duties as Director of Human Resources. However, the defendant has not filed any objections to the Report.

## Discussion

### *Retaliation under Title VII*

In order to establish a *prima facie* case of Title VII retaliation, a plaintiff must prove that she engaged in a protected activity, that an adverse employment action occurred against her, and that there was a causal link between the protected activity and the adverse employment action. *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004).

As to the first prong of the test, that Stephens engaged in protected activity, the Magistrate Judge analyzed case law from other circuits holding that a human resources director does not engage in protected activity when he informs the company president that a sexual harassment complaint is being initiated. *See Vidal v. Ramallo Bros. Printing, Inc.*, 380 F.Supp.2d 60 (D.P.R. 2005). However, since the Fourth Circuit has apparently not directly addressed the issue, the Magistrate Judge declined to find that Stephens did not engage in a protected activity in reporting the alleged sexual harassment. This Court also declines to find that the plaintiff did not engage in a protected activity.

The defendant does not contest at this juncture the elements of the *prima facie* case, and the plaintiff does not contest the fact that the defendant has produced a legitimate, nondiscriminatory reason for the discharge. The Magistrate Judge recommended a finding that the plaintiff has failed to adduce evidence that the reason set forth by the defendant is false and that the true reason for her termination was the fact that she reported the telephone call which she received regarding Dr. Holt.

Assuming *arguendo* that the plaintiff has sufficient proof for a *prima facie* case, she has failed to prove that the reasons articulated by the employer are pretextual. "[T]he defendant-employer has an

6

opportunity to present a legitimate, non-discriminatory reason for its employment action. If the employer does so, the presumption of unlawful discrimination created by the *prima facie* case 'drops out of the picture' and the burden shifts back to the employee to show that the given reason was just a pretext for discrimination." Settle v. Baltimore County, 34 F.Supp. 2d 969, 991 (D.Md. 1999). In the case at bar, the plaintiff has failed to meet her burden. The Court agrees with the analysis by the Magistrate Judge of the facts of the case. "Title VII is not a vehicle for substituting the judgment of a court for that of the employer." *Jiminez v. Mary Washington College*, 57 F.3d 369, 377 (4th Cir. 1995).

The plaintiff has not pointed the Court to any evidence to support her self-serving allegations that Dr. Holt in fact participated in the Board's decision. On the contrary, as argued by the defendant, not only did Dr. Holt and Ms. Pickering testify that he had nothing to do with the decision to terminate the plantiff, Drs. Goldberg and Paudel (the two Board members who approved Stephens' termination) affirmed that Dr. Holt was not involved with the decision and that they did not know about Dr. Holt's involvement with Annette Medlin or Tracy Doyle at the time they voted to terminate the plaintiff.

As to the plaintiff's argument that she had not received negative feedback within the six month period before she was fired, the Court notes that the last performance review which the plaintiff received before the discharge noted the employer found her performance to be "unacceptable." Finally, as to the plaintiff's assertion as evidence of pretext that she was not told at the time of her discharge about the AFLAC problems, the Court finds that the reason given for the discharge (that she was not a good fit with the company) is not inconsistent with the problems enunciated by the employer concerning the AFLAC situation. In support of her argument that the AFLAC reason is pretextual, Plaintiff contends in her affidavit that Pickering had indicated to her that she "did not like the insurance provider AFLAC." However, it is important to note that, prior to Stephens receiving and reporting the

7

telephone call from Doyle's husband, Pickering had already requested the AFLAC representative to send her an e-mail[2] to document the problems that she had in reaching Stephens. This shows an effort by the employer to document problems with Stephens prior to the plaintiff reporting the alleged sexual encounter by Dr. Holt.

Plaintiff must show more than a scintilla of evidence in order to withstand summary judgment. *Celotex*, 477 U.S. at 322-323. The Court finds that no reasonable jury could find pretext in this case.

## Conclusion

For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation and **GRANTS** the defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Court Judge

September 28, 2007
Florence, South Carolina

---

[2] The e-mail was dated March 9, 2005. (Exhibit O to [15] Memorandum in Support of Motion for Summary Judgment.